**BOIES SCHILLER FLEXNER LLP**
Maxwell V. Pritt (SBN 253155)
mpritt@bsfllp.com
Antonio L. Ingram II (SBN 300528)
aingram@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6800
Fax: (415) 293-6899

*Attorneys for Defendants*
APPLIED UNDERWRITERS, INC, STEVEN
MENZIES and ALAN QUASHA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSTY AREIAS, an individual and MERCURY PUBLIC AFFAIRS, LLC, a Delaware corporation transacting business in California, assignees of California Strategies, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>APPLIED UNDERWRITERS, INC, a Nebraska corporation, STEVEN MENZIES, an individual, ALAN QUASHA, an individual, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>COMPLAINT FILED IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO: NOVEMBER 10, 2020<br><br>NOTICE OF REMOVAL FILED: JANUARY 4, 2021 |

DEFENDANT'S NOTICE OF REMOVAL

**TO THE CLERK OF THE COURT, PLAINTIFFS, AND PLAINTIFFS' COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Applied Underwriters, Inc, Steven Menzies and Alan Quasha (collectively, "Defendants"), by and through counsel, hereby remove to this Court the action entitled *RUSTY AREIAS ET AL VS. APPLIED UNDERWRITERS, INC ET AL*, Case No. CGC-20-587947 (the "Action"), which was originally filed in Superior Court of California, County of San Francisco. As the "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), Defendants state as follows:

## I. INTRODUCTION

1. This Action is a civil action between citizens of different states, where the amount in controversy exceeds $75,000 exclusive of interest and costs. This Court thus has diversity jurisdiction under 28 U.S.C. § 1332(a) and this Action is properly removed pursuant to 28 U.S.C. § 1441.

## II. BACKGROUND

2. On November 10, 2020, plaintiffs Rusty Areias and Mercury Public Affairs, LLC ("Plaintiffs") commenced this action by filing a complaint in the Superior Court of California, County of San Francisco. That complaint was allegedly served on Defendant Applied Underwriters, Inc. on November 30, 2020 via substituted service and on Defendant Steven Menzies on December 21, 2020 via substituted service.[1] Applied Underwriters, Inc. first received the complaint on December 3, 2020. The complaint has not been served on Defendant Alan Quasha.

3. Defendants have not filed an answer or responsive pleading to the Complaint.

## III. BASIS FOR REMOVAL

**A. The Amount in Controversy Exceeds $75,000.**

4. The amount-in-controversy requirement of § 1332 is satisfied because "the matter

---

[1] The Summons and Complaint with its Exhibit, as well as "all process, pleadings, and orders served" on Defendants in this Action, 28 U.S.C. § 1446(a), are attached hereto as Exhibit A.

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

5. If a plaintiff fails to plead a specific amount of damages and the amount in controversy is not "facially apparent" from the complaint, then "the court may consider facts in the removal petition" to determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). In calculating the potential amount in controversy, courts include actual damages, compensatory damages, statutory penalties, restitution, disgorgement, punitive damages, and attorney's fees. *Wolk v. Green*, 516 F.Supp.2d 1121, 1127 (N.D. Cal. 2007) ("the jurisdictional minimum may be satisfied by claims of general and specific damages, attorney's fees, and by punitive damages"); *Kroske*, 432 F.3d at 980 ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."). Although Plaintiffs did not plead a specific amount of damages in the Complaint, the amount in controversy is, at a minimum, $2,000,000 on the face of the Complaint. *See, e.g.,* Compl. ¶ 43 ("In breach of the Consulting Agreement, defendants failed to pay Plaintiffs the $1 million fee for services rendered pursuant to the Consulting Agreement"); ¶ 70 ("Plaintiffs would not have continued to work with the defendant had they known the defendant had no intention of paying the $2 million fee as promised"); ¶ 77 ("Defendants unjustly retained $2 million owed to the plaintiffs in fees for services rendered . . ."); ¶ 84 ("The fair and reasonable value of the defendants' services for which the defendants have not paid plaintiffs is at least $2 million").

6. Plaintiffs also assert broad claims for actual, consequential, compensatory, punitive, and exemplary damages, the total value of which far exceeds § 1332's jurisdictional minimum.

**B.   There is Complete Diversity Between Plaintiffs and Defendants.**

7. Plaintiff Mercury Public Affairs LLC is and has at all relevant times been a Delaware limited liability company whose principal place of business is in California. *See* Compl. ¶ 1.

8. Plaintiff Rusty Areias is and has at all relevant times been a citizen of California. *See* Compl. ¶ 2.

9. Defendant Applied Underwriters, Inc. ("Applied") is and has at all relevant times been a Nebraska corporation whose principal place of business is in Nebraska. Applied's headquarters—where Applied's board of directors meets and the chief officers of the corporation work and direct the corporation's activities—is located at 10805 Old Mill Road, Omaha, Nebraska, 68154. *See, e.g.*, *3123 SMB LLC v. Horn,* 880 F.3d 461, 465 (9th Cir. 2018) ("[A] corporation's principal place of business 'should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination[.]") (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010)).

10. Defendant Alan Quasha is and has at all relevant times been a citizen of New York. *See* Compl. ¶ 5.

11. Defendant Steven Menzies ("Menzies") is and has at all relevant times been a citizen of Nebraska. Menzies is domiciled at his home in Nebraska, and Nebraska is the State in which he pays taxes, votes, has a driver's license and a bank account, and works as CEO of Applied, a Nebraska corporation. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (identifying factors to consider for domicile).

12. None of the Defendants are citizens of California, in which this Action was filed and is pending.

13. Accordingly, the complete diversity requirement of § 1332 is satisfied in this Action because the matter in controversy is "between citizens of different States." 28 U.S.C. § 1332(a)(1).

**IV. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

14. *Venue.* This Court is the proper venue for removal because the Action is pending in the County of San Francisco, California, and the United States District Court for the Northern District of California, San Francisco/Oakland Division is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

15. *Timeliness.* Defendants timely filed this notice of removal. Defendant Applied was allegedly served with the Summons and Complaint on November 30, 2020 via substituted service, Defendant Menzies was allegedly served with the Summons and

3
DEFENDANT'S NOTICE OF REMOVAL

Complaint on December 21, 2020 via substituted service and Defendant Quasha has not yet been served with the Complaint.  Defendant Applied first received the Summons and Complaint on December 3, 2020.  Accordingly, Defendants filed this Notice of Removal within 30 days of receiving the initial pleadings.  28 U.S.C. §§ 1446(b); 1453(b).

16. *Unanimity*.  Because there are no other defendants in this Action besides Applied Underwriters, Inc., Steven Mennzies, and Alan Quasha, no consent to removal from any other defendant is necessary.

17. *Notice.*  As required by 28 U.S.C. § 1446(d), a copy of this notice of removal is being promptly served on counsel for Plaintiffs, and a copy is being filed with the Clerk of the Superior Court of the State of California for the County of San Francisco.

18. *State Court Record*.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings served on Defendants in the state court action are attached to this Notice as Exhibit A.

## V. **RESERVATION OF RIGHTS**

19. By filing this notice of removal, Defendants do not waive, and reserve, all defenses including objections as to venue and the legal sufficiency of the claims alleged in the Action.

20. Defendants reserve the right to submit additional evidence and argument as needed to supplement this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

## VI. **CONCLUSION**

21. For the reasons set forth above, this Action is within the original jurisdiction of this Court under 28 U.S.C. § 1332(a), and venue is proper under 28 U.S.C. § 1441(a).  This Action thus is removable to this Court pursuant to 28 U.S.C. § 1441.  Wherefore, Defendants hereby remove this Action to this Court from the Superior Court of California for the County of San Francisco.

///

///

4
DEFENDANT'S NOTICE OF REMOVAL

| | | |
|---|---|---|
| 1 | Dated: January 4, 2021 | Respectfully submitted, |

*/s/ Maxwell V. Pritt*
**BOIES SCHILLER FLEXNER LLP**
Maxwell V. Pritt (SBN 253155)
mpritt@bsfllp.com
Antonio L. Ingram II (SBN 300528)
aingram@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6800
Fax: (415) 293-6899

*Attorneys for Defendants*
APPLIED UNDERWRITERS, INC,
STEVEN MENZIES and ALAN QUASHA

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2021, I electronically filed DEFENDANTS NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system which sent an email notification to all participants in this case who are registered CM/ECF users. I further caused the documents listed above to be served via email and FedEx on the following:

David J. Millstein
Owais Bari
MILLSTEIN & ASSOCIATES
100 The Embarcadero, Penthouse
San Francisco, CA 94105
dmillstein@millstein-law.com
obari@millstein-law.com

Dated: January 4, 2021                    BOIES SCHILLER FLEXNER LLP

                                          /s/ *Ashleigh Jensen*
                                          Ashleigh Jensen