# Exhibit A

**ENDORSED FILED**
SAN MATEO COUNTY

NOV 0 4 2019

Clerk of the Superior Court
By _RJay Dominia_
DEPUTY CLERK

Exempt from filing fees pursuant to
Government Code section 6103

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN MATEO – UNLIMITED JURISDICTION

| | |
|---|---|
| INSURANCE COMMISSIONER OF THE STATE OF CALIFORNIA,<br><br>Applicant,<br><br>v.<br><br>CALIFORNIA INSURANCE COMPANY, a California corporation,<br><br>Respondent. | Case No. **19CIV06531**<br><br>[PROPOSED] ORDER APPOINTING INSURANCE COMMISSIONER AS CONSERVATOR and RESTRAINING ORDERS;<br><br>[Ins. Code, § 1011]<br><br>Date: November 4, 2019<br>Time: 2:00 p.m.<br>Dept.: |

Printed on Recycled Paper

[PROPOSED] ORDER APPOINTING INSURANCE COMMISSIONER AS CONSERVATOR AND RESTRAINING ORDERS;

## [PROPOSED] ORDER

The California Insurance Commissioner's Verified Ex Parte Application for Order Appointing Conservator having been filed herein, it being shown to the Court's satisfaction from said Application that the Commissioner has (1) found that California Insurance Company ("CIC"), a California domiciled insurance company, entered into a transaction the effect of which, if consummated, would merge CIC into and with California Insurance Company II ("CIC II"), a New Mexico domiciled insurance company without first obtaining the consent in writing of the California Insurance Commissioner in violation of California Insurance Code Section 1215.2(a), (2) found that the factual and legal conditions exist to conserve CIC pursuant to Insurance Code section 1011, subdivision (c), and (3) established good cause to believe that the State of California would be prejudiced were it to provide respondent advanced notice of this proceeding in that CIC has within its authority power to at any time complete the ostensible consummation of the transaction, which would have the effect of at least forfeiting CIC's certificate of authority, rendering California policyholders ostensibly insured by an out-of-state insurer without authority to transact insurance in California; and good cause appearing,

IT IS HEREBY ORDERED that:

1. The California Insurance Commissioner is hereby appointed as the Conservator of CIC pursuant to section 1011, and is directed to conduct the business of CIC or so much thereof as he may deem appropriate, to pay or defer payment of all proper claims and obligations against CIC accruing prior to or subsequent to his appointment as Conservator, and to act in all ways and exercise all powers necessary or appropriate for the purpose of carrying out this order.

2. CIC, its officers, directors, agents and employees and any person that acts or purports to act on its behalf of any of the foregoing shall be enjoined from taking any actions or filing any document with any governmental entity or any governmental subdivision necessary to consummate the merger of CIC into and with CIC II, to otherwise transfer the domicile of CIC from California to New Mexico, or to otherwise adversely affect the California Certificate of Authority of CIC.

3. David E. Wilson, Special Deputy Insurance Commissioner, is appointed as Deputy Conservator empowered to carry out any and all duties and exercise the authority of the Conservator granted herein and the Insurance Code. Joseph B. Holloway, Jr. is appointed as Conservation

Manager and Scott Pearce is appointed as Conservation Supervisor empowered to carry out any and all duties and exercise the authority of the Conservator and Deputy Conservator, and as may be delegated by the Conservator and Deputy Conservator.

4. The Conservator's immunity and related protections from claims, suits or liability under applicable law, including but not limited to Government Code section 820.2, shall apply equally to the Deputy Conservator, Conservation Manager and the Conservation Supervisor in their capacities as Receiver of CIC, their successors in office, the Conservation & Liquidation Office ("CLO"), and their agents and employees.

5. The Commissioner as Conservator is authorized to appoint and employ special deputies, estate managers, other professionals, clerks and assistants and to give each of them such power and authority as he may deem necessary and authorizing the Commissioner as Conservator to compensate these persons from the assets of CIC as he may deem appropriate.

6. The Conservator is authorized to assist CIC in addressing their Form A deficiencies with the goal of obtaining Form A approval and settlement of disputes with CDI.

7. CIC is ordered, except upon the express written authorization of the Conservator, not to cancel or otherwise terminate or attempt to cancel or terminate any insurance policy or contract in-force as of the date of this Order, and is ordered to continue to administer such in-force policies and contracts in the ordinary course consistent with past practices.

8. Except as otherwise determined by the Conservator in his or her discretion, any contract or agreement to provide administrative, claims, or other management services to CIC necessary or appropriate for the efficient operations of CIC during the pendency of the conservation shall remain in full force and effect unless rejected, modified or terminated by the Conservator in writing, and unless directed otherwise by the Conservator, each such person or entity shall continue to perform its respective obligations under such contract or agreement during the pendency of the conservation consistent with past practice.

9. The Conservator is authorized, in his or her discretion, to pay or defer payment of some or all proper claims, expenses, liabilities, and obligations of CIC, in whole or in part, accruing prior or subsequent to his appointment as Conservator.

10. The Conservator is authorized to assume, reject, or modify any executory contracts including, without limitation, any lease, rental or utilization contract or agreement (including any schedule to any such contract or agreement), and any license or other arrangement for the use of computer software of business information systems, to which CIC is a party or as to which CIC agrees to accept an assignment of such contract.

11. The Conservator is authorized in his or her discretion to take possession of any and all assets of CIC, including books, records, property (both real and personal), accounts, safe deposit boxes, rights of action, and all such assets as may be in the name of CIC, wheresoever situated.

12. Title to all property and assets of CIC, designated by the Conservator in his or her discretion, including deposits, securities, contracts, rights of actions, books, records, and other assets of every type and nature, and including both those presently in CIC's possession and those that may be discovered hereafter, wheresoever situated, that are necessary or appropriate for the orderly conservation of CIC is to be vested in the Conservator or his or her successor in office, in his official capacity as Conservator. The Conservator is authorized to deal with such assets in his or her own name as Conservator or in the name of CIC, and all persons are enjoined from interfering with Conservator's possession and title to such assets.

13. The Conservator is authorized to maintain and invest such of CIC's assets and funds in such a manner as the Conservator determines in his or her discretion is in the best interest of CIC's creditors.

14. The Conservator is authorized to exercise all the powers of the directors, officers, and managers of CIC, necessary or appropriate for the orderly conservation of CIC whose authorities are suspended except as such powers may be redelegated to them in writing by the Conservator.

15. CIC, its officers, directors, agents, and employees are enjoined, except upon the express written authorization of the Conservator or as is necessary to continue to administer in the ordinary course consistent with past practices any in-force insurance policies as of the date of this Order, from transacting any of the business of CIC, whether in the State of California or otherwise, disposing of, using, transferring, selling, assigning, canceling, alienating, hypothecating, or concealing in any manner or any way, or assisting any person in any of the foregoing, the property or assets of CIC, or

property or assets in the possession of CIC, of any nature or kind, including claims or causes of action, until further order of the Court. Further, such persons are enjoined from obstructing or interfering with the Conservator's conduct of his or her duties as Conservator.

16. CIC and its officers, directors, agents and employees are enjoined from issuing any new or renewing any insurance policies except upon the written consent of the Conservator.

17. All persons are enjoined, except upon the written consent of the Conservator, from instituting, prosecuting, or maintaining any action at law or suit in equity, including but not limited to, actions or proceedings to compel discovery or production of documents or testimony, and matters in arbitration, except for matters before the California Workers' Compensation Appeals Board or equivalent administrative boards in other states, against CIC, or against the Conservator, and from attaching, executing upon, redeeming of or taking any other legal proceedings against any of the property of CIC, and from doing any act interfering with the conduct of said business by the Conservator, except after an order of this Court obtained after reasonable notice to the Conservator.

18. CIC and all officers, directors, agents, employees, successors, assigns, affiliates of CIC, and other persons acting in concert or participation with CIC shall deliver to and immediately make available to the Conservator those assets, books, records, accounts, records, information, computers, tapes, discs, writings, other recordings of information, equipment, and other property of CIC, wheresoever situated, in said persons' custody or control specified in writing by the Conservator, and further, the aforesaid persons shall disclose verbally, or in writing if requested by the Conservator, the exact whereabouts of the foregoing items if such items are not in the possession custody, or control of said persons.

19. All officers, directors, trustees, employees, or agents of CIC, or any other person, firm, association, partnership, corporate parent, holding company, affiliate, or other entity in charge of any aspect of CIC's affairs, either in whole or in part, and including but not limited to banks, savings and loan associations, financial or lending institutions, brokers, stock or mutual associations, or any parent, holding company, subsidiary or affiliated corporation, or any other representative acting in concert with CIC, shall cooperate with the Conservator in the performance of his or her duties.

20. The Conservator is authorized to pay all reasonable costs of taking possession of and conserving CIC (including but not limited to the Conservator's pre-conservation costs in examining CIC's financial condition, and preparing to take possession and conserve CIC, and the attorneys' fees and costs incurred by the Commissioner in bringing and prosecuting this proceeding) out of the funds and assets of CIC.

21. The Conservator is authorized to pay all reasonable costs of operating CIC as Conservator (including direct and allocated direct costs, direct and allocated general and administrative costs and overhead, and all other allocated costs) out of any and all funds and assets of CIC, and if there are insufficient funds, to pay for the costs out of the Insurance Fund pursuant to Insurance Code section 1035.

22. All persons who maintain records for CIC, pursuant to written contract or any other agreement, shall maintain such records and deliver to the Conservator such records upon his request.

23. All agents of CIC, and all brokers who have done business with CIC, shall make remittances of all funds collected by them or in their hands designated by the Conservator in his or her discretion, directly to the Conservator.

24. All persons having possession of any lists of policyholders of CIC shall deliver such lists to the Conservator upon his or her written request and enjoining all such persons from using any such lists or any information contained therein without the written consent of the Conservator.

25. The Conservator is authorized to initiate such equitable or legal actions or proceedings in this or other states that the Conservator determines is in his or her discretion are necessary to carry out his or her functions as Conservator.

26. CIC, its officers, directors, agents and employees are enjoined from disposing of, or assisting any person in the transfer or alienation of, the property or assets of CIC, until further order of this Court.

27. All persons are enjoined, except with leave of this Court issued after a hearing in which the Conservator has received reasonable notice, from obtaining preferences, judgments, attachments, or other liens, or making any levy against CIC or its assets or property, and from executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other

process, for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or assets owned or in the possession of CIC or the Conservator, wheresoever situated, and from doing any act interfering with the conduct of said business by Conservator.

28. All persons are enjoined, except with leave of this Court issued after a hearing in which Conservator has received reasonable notice, from accelerating the due date of any obligation or claimed obligation; exercising any right of set-off; taking, retaining, retaking, or attempting to retake possession of any real or personal property; withholding or diverting any rent or other obligation; doing any act or other thing whatsoever to interfere with the possession of or management by the Conservator of the property and assets, owned or controlled by CIC or in the possession of CIC, or in any way interfering with the Conservator or interfering in any manner during the pendency of this proceeding with the exclusive jurisdiction of this Court over CIC.

29. Any and all provisions of any agreement entered into by and between any third party and CIC that provide in any manner that selection, appointment, or retention of a conservator, receiver, or trustee by any court, or entry of any order such as hereby made, shall be deemed to be or otherwise operate as a breach, violation, event of default, termination, event of dissolution, event of acceleration, insolvency, bankruptcy, or liquidation, shall be stayed, and the assertion of any and all rights and remedies relating thereto shall also be stayed and barred, except as otherwise ordered by this Court. This Court shall retain jurisdiction over any cause of action that has arisen or may otherwise arise under any such provision.

30. All persons are enjoined from wasting the assets of CIC.

IT IS SO ORDERED.

Dated: November 4, 2019

JUDGE OF THE SUPERIOR COURT

GEORGE A. MIRAM

[PROPOSED] ORDER APPOINTING INSURANCE COMMISSIONER AS CONSERVATOR AND RESTRAINING ORDERS;