**BOIES SCHILLER FLEXNER LLP**
Maxwell V. Pritt (SBN 253155)
mpritt@bsfllp.com
Antonio L. Ingram II (SBN 300528)
aingram@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6800
Fax: (415) 293-6899

John Goodwin (*Pro Hac Vice*)
jgoodwin@bsfllp.com
55 Hudson Yards
New York, NY 10001
Tel: (212) 754-4427
Fax: (571) 431-8178

*Attorneys for Defendants*
APPLIED UNDERWRITERS, INC.,
STEVEN MENZIES, and ALAN QUASHA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSTY AREIAS, an Individual and MERCURY PUBLIC AFFAIRS, LLC, a Delaware corporation transacting business in California, assignees of California Strategies, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLIED UNDERWRITERS, INC, a Nebraska corporation, STEVEN MENZIES, an individual, ALAN QUASHA, an individual, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 4:21-CV-00023-JST<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hearing Date: March 25, 2021<br>Time:            2:00 p.m.<br>Place:           Courtroom 6<br>Judge:          Hon. Jon S. Tigar |

**TABLE OF CONTENTS**

I.   Plaintiffs Do Not—and Cannot—Adequately Allege Breach Of a Written Or Oral Contract. ........................................................................................................................1

    a.   Plaintiffs' newfound ratification theory fails as a matter of law and fact. ...............5

    b.   Even if there was an oral modification, Plaintiffs still failed to perform. ................6

II.  Plaintiffs Do Not—and Cannot—Adequately Allege Breach Of a Separate Oral Contract. ........................................................................................................................7

III. Plaintiffs Do Not—and Cannot—Adequately Allege Promissory Fraud. ..........................9

IV.  Plaintiffs Do Not—and Cannot—Adequately Allege Unjust Enrichment. ......................10

V.   Plaintiffs Do Not—and Cannot—Adequately Allege a Claim For Reformation. .............11

VI.  Plaintiffs Do Not—and Cannot—Adequately Allege a Claim for Common Count. ........12

VII. Conclusion ........................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Barroso v. Ocwen Loan Servicing, LLC,*
    208 Cal.App.4th 1001 (2012) ..................................................................................................8

*Beckwith v. Dahl,*
    205 Cal.App.4th 1039 (2012) ..................................................................................................9

*Bhandari v. Capital One, N.A.,*
    No. 12-cv-4533-PSG, 2013 WL 1736789 (N.D. Cal. Apr. 22, 2013) .......................................11

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,*
    637 F.3d 1047 (9th Cir. 2011) ..................................................................................................9

*Colgate v. JUUL Labs, Inc.,*
    402 F.Supp.3d 728 (N.D. Cal. 2019) ........................................................................................5

*Davidson v. Kimberly-Clark Corp.,*
    889 F.3d 956 (9th Cir. 2018) ....................................................................................................9

*Dolce Int'l/San Jose, LLC v. City of San Jose, California,*
    No. 20-CV-03774-EJD, 2020 WL 5910066 (N.D. Cal. Oct. 6, 2020) .....................................11

*Donovan v. RRL Corp,*
    26 Cal.4th 261 (2001) ..............................................................................................................3

*Eluschuk v. Chem. Eng'rs Termite Control, Inc.,*
    246 Cal.App.2d 463 (1966) .................................................................................................3, 4

*Gates v. Bank of Am. Nat'l Trust & Sav. Ass'n,*
    120 Cal.App.2d 571 (1953) ......................................................................................................5

*Guthrie v. Times-Mirror Co.,*
    51 Cal.App.3d 879 (1975) ........................................................................................................3

*Hands on Video Relay Servs., Inc. v. Am. Sign Language Servs. Corp.,*
    No. 09-cv-0996-LKK, 2009 WL 8691614 (E.D. Cal. Aug. 12, 2009) ......................................9

*Henry v. Napa Valley Unified,*
    No. 16-cv-4021-MEJ, 2016 WL 7157670 (N.D. Cal. Dec. 8, 2016) .................................11, 12

*Jacobs v. Sustainability Partners LLC,*
    No. 20-cv-1981-PJH, 2020 WL 5593200 (N.D. Cal. Sept. 18, 2020) .....................................11

*Jang v. Bos. Sci. Corp.,*
    No. 05-cv-0426-VAP (MRWx), 2015 WL 13672836 (C.D. Cal. July 6, 2015) .......................2

*Lorem Vascular, Pty. Ltd. v. Cytori Therapeutics, Inc.*,
   No. 18-cv-0815-MMA (MDD), 2018 WL 3388096 (S.D. Cal., July 11, 2018) ........................... 2

*McAfee v. Francis*,
   No. 11-cv-00821-LHK, 2011 WL 3293759 (N.D. Cal. Aug. 1, 2011) ..................................... 12

*Moncada v. West Coast Quartz Corporation,*
   221 Cal.App.4th 768 (2013) ................................................................................................... 9

*Muse Brands, LLC v. Gentil*,
   No. 15-cv-1744-JSC, 2015 WL 4572975 (N.D. Cal. July 29, 2015) ........................................ 10

*Petersen v. Arch Ins. Co.*,
   No. 15-cv-832-ODW, 2015 WL 3968590 (C.D. Cal. June 30, 2015) ........................................ 7

*Raisin Bargaining Ass'n v. Hartford Cas. Ins. Co.*,
   No. 10-cv-0370, 2010 WL 3783871 (E.D. Cal. Sept. 27, 2010) ................................................ 7

*Ritter v. JPMorgan Chase Bank, N.A.*,
   No. 17-cv-2919-JSW, 2017 WL 7243542 (N.D. Cal. Nov. 21, 2017) ....................................... 11

*Root v. American Equity Specialty Ins. Co.*,
   130 Cal.App.4th 926 (2005) ................................................................................................... 7

*Roseleaf Corporation v. Radis*,
   122 Cal.App.2d 196 (1953) ..................................................................................................... 5

*Royat v. Roberts*,
   110 Cal.App.2d 814 (1952) ..................................................................................................... 5

*Smith v. Allstate Ins. Co.*,
   160 F.Supp.2d 1150 (S.D. Cal. 2001) ................................................................................... 10

*Stockton Mortg., Inc. v. Tope*,
   233 Cal.App 4th 437 (2014) ................................................................................................... 4

*Syscan, Inc. v. Plustek, Inc.*,
   No. 07-cv-1603-JW, 2009 WL 2044685 (N.D. Cal. July 9, 2009) ............................................. 3

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................................................................ 9

*Waller v. Truck Ins. Exchange, Inc.*,
   11 Cal.4th 1 (1995) ................................................................................................................. 2

*Washburn v. Morgado*,
   332 F. App'x 380 (9th Cir. 2009) ............................................................................................ 1

*Wind Dancer Prod. Grp. v. Walt Disney Pictures*,
   10 Cal.App.5th 56 (2017) ....................................................................................................... 2

**Statutes**

Cal. Civ. Code § 1530 ................................................................................................................. 3

**Rules**

Fed. R. Civ. P. 9(b) ................................................................................................................ 9, 10

**Other Authorities**

5 Witkin, Cal. Procedure (5th ed. 2008) ....................................................................................... 9

Plaintiffs' opposition makes one thing crystal clear: this case is an improper attempt by Plaintiffs to receive a contractual payment despite the fact that the condition precedent to the receipt of that payment did not occur. The plain terms of the parties' agreement make payment contingent upon the *successful re-domestication* of California Insurance Company ("CIC"), not merely the *approval of re-domestication* by only one state's regulatory agency. Plaintiffs do not—and cannot—allege otherwise. Plaintiffs also do not—and cannot—allege that CIC was re-domesticated to another state because, as Plaintiffs themselves allege, CIC was placed into conservation in California *before* it could re-domesticate to another state. These undisputed (and judicially noticeable) facts render all of Plaintiffs' claims frivolous, and they should be dismissed with prejudice.

Plaintiffs' opposition[1] fails to address the basic realities that render each of their claims frivolous as a matter of law. First, Plaintiffs' breach of contract claims fail because even if Plaintiffs had adequately pled an oral modification of the parties' original written contract (and its written amendment), and to be clear they do not adequately plead one, Plaintiffs also failed to satisfy the conditions precedent to payment in any oral agreement. Second, the promissory fraud claim fails because Plaintiffs do not—and cannot—plead intent with particularity, and because it was the failed condition precedent, not any premediated deception, that caused lack of payment. Third, the unjust enrichment claim fails because there is a valid and enforceable written contract governing the parties' relationship. Fourth, the reformation of contract claim fails because reformation is a remedy, not a cause of action, and there was no mutual mistake. And finally, the common count claim fails because Plaintiffs cannot adequately allege that Defendants owe them a debt.

**I.     Plaintiffs Do Not—and Cannot—Adequately Allege Breach Of a Written Or Oral Contract.**

Plaintiffs' breach of contract claims fail because Plaintiffs do not adequately plead that the parties intended to modify their written agreement. In their opposition, Plaintiffs argue that,

---

[1] Plaintiffs have repeatedly submitted filings, including their opposition, well after 5:00 p.m. PST in contravention of this Court's Standing Order. The Court can impose sanctions for such violations, including striking the opposition. *See Washburn v. Morgado*, 332 F. App'x 380, 382 (9th Cir. 2009).

1  despite the Consulting Agreement's no oral modification provision, the parties waived the no oral
2  modification clause and orally modified the contract. Opp. at 3-5 (citing *Wind Dancer Prod. Grp.*
3  *v. Walt Disney Pictures*, 10 Cal.App.5th 56, 78 (2017)) ("parties may, by their conduct, waive a
4  no oral modification provision where evidence shows that was their intent") (quotation marks
5  omitted).

6        Specifically, Plaintiffs suggest that FAC ¶¶ 24-27 "allege[] that the parties, by words and
7  conduct, waived [the no oral modification] provision." Opp. at 3. But the only allegation in those
8  paragraphs that even comes close to waiver is "Defendant AU agreed to Plaintiff's request to
9  modify the [written] contract." FAC ¶ 26. That is not an allegation that either party knowingly
10 intended to relinquish their rights, either expressly or based on conduct. *See Wind Dancer*, 10
11 Cal.App.5th 56, 78, 81 ("[W]aiver may be either express, based on the words of the waiving
12 party, or implied, based on conduct indicating an intent to relinquish the right. Thus, California
13 courts will find waiver when a party intentionally relinquishes a right or when that party's acts are
14 so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right
15 has been relinquished"; holding no oral modification clause did not preclude party from waiving
16 other contractual provisions made for *its* benefit) (quotation marks and citations omitted); *see also*
17 *Lorem Vascular, Pty. Ltd. v. Cytori Therapeutics, Inc.*, No. 18-cv-0815-MMA (MDD), 2018 WL
18 3388096, at *4 (S.D. Cal., July 11, 2018) (rejecting under similar Delaware law plaintiffs'
19 argument that the parties' waived a no oral modification clause because plaintiff "does not allege
20 any facts in its Complaint to support its contention that the parties orally agreed to waive this
21 provision"); *Jang v. Bos. Sci. Corp.*, No. 05-cv-0426-VAP (MRWx), 2015 WL 13672836, at *2
22 (C.D. Cal. July 6, 2015) (same, under similar Massachusetts law). It is Plaintiffs' burden to prove
23 waiver by clear and convincing evidence. *See, e.g.*, *Waller v. Truck Ins. Exchange, Inc.*, 11
24 Cal.4th 1, 31 (1995) (The party claiming waiver has the burden of proving it by clear and
25 convincing evidence that does not leave the matter to speculation.). They have not even alleged it
26 clearly.

27       In addition, as evidenced by the October 1, 2019 written amendment to the Consulting
28 Agreement, which the parties entered into *after* the purported oral modification, the parties

expressly agreed that "all other terms" of their original Consulting Agreement would "remain the same," including the no oral modification provision. FAC, Ex. 2 at 1. The plain terms of this written amendment thus demonstrate that the parties did *not* intend to waive the no oral modification provision. Plaintiffs nonetheless allege that this amendment omitted terms of the purported oral modification through the parties' "inadvertence or mistake." Opp. at 5 (citing FAC ¶¶ 77, 78). But the FAC does not adequately allege mutual mistake, *see* FAC ¶¶ 77-78 (no facts alleging written amendment mistakenly omitted material changes to parties' contract), or seek rescission of the Consulting Agreement (or its amendment). *See, e.g.*, *Syscan, Inc. v. Plustek, Inc.*, No. 07-cv-1603-JW, 2009 WL 2044685, at *3 (N.D. Cal. July 9, 2009) (discussing mutual mistake's requirements); *Guthrie v. Times-Mirror Co.*, 51 Cal.App.3d 879, 884 (1975) (remedy is rescission).[2]

Plaintiffs also argue that "Defendants agreed to pay the Plaintiffs for assisting in getting CDI [California Department of Insurance] to not object to CIC's re-domestication to save $60 million and the Berkshire Deal," and the parties began to "work[] exclusively on New Mexico, effectively executing the terms of the oral agreement." Opp. at 5 In other words, Plaintiffs argue that the parties orally agreed that Defendants' obligation under the Consulting Agreement to pay Plaintiffs only if the CDI approved CIC's Form A filing or CIC was re-domesticated to Illinois, was replaced with a new obligation to pay Plaintiffs "for assisting in getting CDI to not object to CIC's re-domestication." That is a novation, Cal. Civ. Code § 1530 ("Novation is the substitution of a new obligation for an existing one."), and the FAC does not plead that the parties' intended to discharge the Consulting Agreement, *see, e.g.*, *Eluschuk v. Chem. Eng'rs Termite Control, Inc.*, 246 Cal.App.2d 463, 468 (1966) ("the intention to discharge the old contract must be clearly indicated").

Defendants cite *Eluschuk* and other cases for the generic proposition that parties can, in certain circumstances, execute an oral agreement to alter a written contract's terms or provisions.

---

[2] The FAC also mentions "unilateral mistake." FAC ¶ 78. But Plaintiffs do not argue unilateral mistake in their opposition, for good reason. The FAC does not allege its elements, and, again, Plaintiffs do not seek rescission, the only remedy for unilateral mistake. *See, e.g.*, *Donovan v. RRL Corp*, 26 Cal.4th 261, 282 (2001) (discussing unilateral mistake's four elements and remedy).

3

Opp. at 5. That is besides the point. "An executed oral modification of a term or provision of the contract does not wholly extinguish the contract; the effect is to alter only those portions of the written contract directly affected by the oral agreement leaving the remaining portions intact." *Eluschuk*, 246 Cal.App.2d at 469. Plaintiffs' allegation that the parties orally agreed to shift their focus to re-domesticate CIC in New Mexico (instead of Illinois) would not—and could not—invalidate the Consulting Agreement (or its written amendment) even if there had been an oral modification to that effect. Such a modification would only impact the *destination* of re-domestication, leaving undisturbed the contractual terms related to payment, that is, an approved re-domestication.

Furthermore, aside from being inconsistent with the terms of the parties' express written agreements, an alleged oral modification to change the purpose of the Consulting Agreement—CDI's approval of CIC's Form A filing or the actual re-domestication of CIC to another state—is plainly inconsistent with Plaintiffs' other allegations in the FAC. *See, e.g.,* FAC ¶¶ 56 ("he would double the $1 million consulting fees if they could *continue to work and intensify* their efforts"), 57 ("Quasha's promise was made specifically to induce Plaintiffs to *continue to work*"), 58 ("Plaintiffs accepted Quasha's generous offer and said they would do everything they could to get CDI not to object so that the re-domestication would be approved and *continued to work on the matter*"), 67 ("he would double the $1 million consulting fees if they could *continue to work and persist on the matter*"), 68 ("Quasha's promise was made specifically to induce Plaintiffs to *continue to work*"), 69 ("In reliance on Quasha's promise Plaintiffs *redoubled their efforts*") (all emphases added). These (and the other) allegations also do not allege the consideration required for a new oral contract. *See* Cal. Civ. Code § 1550 ("essential" elements of contract formation include mutual consent and sufficient consideration); *see also Stockton Mortg., Inc. v. Tope*, 233 Cal.App 4th 437, 454 (2014) (speculation about creation of a separate agreement is not evidence of a contract).

In sum, even assuming Plaintiffs adequately allege an oral modification to the Consulting Agreement despite its no oral modification provision and despite the parties' subsequent written amendment reaffirming that and other terms, Plaintiffs do not—and cannot—allege that either

condition precedent to payment occurred, *i.e.*, CDI's approval of CIC's Form A filing or CIC's re-domestication. Thus, Plaintiffs' breach of contract claims fail as a matter of law and must be dismissed.

     **a. Plaintiffs' newfound ratification theory fails as a matter of law and fact.**

Plaintiffs argue "Defendants ratified Plaintiffs' performance of the contract," pointing to an email from Defendant Quasha rejecting Plaintiffs' invoice for $2 million and asking them to send "the correct bill." Opp. at 6-7. That argument is both disingenuous and wrong as a matter of law.

"[B]efore an act or contract may be the subject of ratification there must be some relationship, actual or assumed, of *principal and agent*." *Royat v. Roberts*, 110 Cal.App.2d 814, 818 (1952) (emphasis added). Plaintiffs do not—and plainly cannot—allege that they were, or purported to be, Defendants' agents at any time, let alone when they sent an invoice to Defendants. *See, e.g.*, *Colgate v. JUUL Labs, Inc.*, 402 F.Supp.3d 728, 760 (N.D. Cal. 2019) ("Plaintiffs ratification theory fails; it does not apply when an actor is not an agent and does not purport to be one.").

Plaintiffs' citations do not suggest otherwise, and most are simply inapposite. *Roseleaf Corporation v. Radis*, for example, does not even mention ratification; it concerns implied contract and *quantum meruit*, neither of which is at issue in this case. *See* 122 Cal.App.2d 196, 204 (1953).

Even if ratification applied—and it does not—in order to properly plead ratification, there must be "confirmatory conduct, or at least conduct inconsistent with disapproval. Facts are not to be stretched, or ambiguous, inconclusive or independent acts made the basis of a ratification." *Gates v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 120 Cal.App.2d 571, 576 (1953). Contrary to Plaintiffs' assertions (Opp. at 6-7), nothing in Quasha's email is confirmatory. Quasha does not mention any specific terms, specific payment amounts, or the redomestication of CIC to New Mexico. He does not mention any condition precedent, and Plaintiffs plead no allegations as to why Quasha's silence demonstrates the negation or acceptance of any condition precedent. To the

contrary, Quasha's email reaffirms the condition precedent in the Consulting Agreement by rejecting Plaintiffs' improper invoice. Responding to attempted price gouging does not somehow ratify that Plaintiffs performed or Defendants owed them anything, and Quasha does not suggest Defendants will pay any subsequent invoice. Quasha's email is at best a rejection of an offer by Plaintiffs.

### b.  Even if there was an oral modification, Plaintiffs still failed to perform.

Even if Plaintiffs could and did adequately allege that the parties orally modified their Consulting Agreement to require only that Plaintiffs "assist Defendants in securing CDI's non-objection to CIC's re-domestication to New Mexico", Opp. at 7-8 (emphasis omitted)—they did not, *see supra*—Plaintiffs still failed to perform even that condition precedent under this new theory.

Plaintiffs allege that the October 9, 2019 New Mexico hearing, where CDI's officials did not object to CIC's re-domestication to New Mexico, shows that Plaintiffs successfully completed the condition precedent to payment in the purported modified oral contract. FAC, ¶ 32. Yet Plaintiffs admit that "[o]n November 5 [sic], 2019, the Superior Court of San Mateo appointed the California Insurance Commissioner as Conservator for California Insurance Company." *Id.*, ¶ 34. As explained in Defendants' motion, the California state court's conservation order which is both incorporated by reference into the FAC and judicially noticeable by this Court, makes clear that CIC was *not* re-domesticated to New Mexico. *See* Mot. at 9-10. In that order, issued in response to an *ex parte* motion by the CDI—not Defendants as Plaintiffs erroneously state (Opp. at 12)—the California state court compelled CIC to retain all of its assets in California subject to the indefinite control of the California Insurance Commissioner, and was enjoined from taking any further steps to re-domesticate to New Mexico. *See* Request for Judicial Notice ("RJN"), Ex. A, at 2. In other words, CIC's conservation is wholly incompatible with Plaintiffs' newfound theory that they are entitled to a "success fee" for helping Defendants secure a non-objection from the CDI, because CDI plainly did object to CIC's re-domestication to New Mexico; it sought and obtained a conservation of CIC to prevent that re-domestication. *See* RJN, Ex. B, at 43-44. Thus,

1 Plaintiffs fail to satisfy the condition precedent even under the alleged orally-modified Consulting
2 Agreement.

3 Recognizing the non-occurrence of the condition precedent to payment—under either the
4 original Consulting Agreement (and written amendment) or the purported orally-modified one—
5 Plaintiffs include a throw-away argument that any "non-occurrence was beyond the control of
6 plaintiffs and defendants," and thus "should not lead to forfeiture," citing *Root v. American Equity*
7 *Specialty Ins. Co.*, 130 Cal.App.4th 926, 927-28 (2005) (Opp. at 8). But "the equitable excuse rule
8 from *Root* is inapplicable. *Root* created a unique, and factually dependent, exception to recovering
9 under a claims-made and reported [insurance] policy. . . . The facts of this case are a far departure
10 from *Root*." *Petersen v. Arch Ins. Co.*, No. 15-cv-832-ODW, 2015 WL 3968590, at *3 (C.D. Cal.
11 June 30, 2015).

### II. Plaintiffs Do Not—and Cannot—Adequately Allege Breach Of a Separate Oral Contract.

14 Plaintiffs' breach of oral contract claim against Defendant Quasha (Count III) fails
15 because it contradicts the clear and unambiguous terms of the parties' written agreements. *See*
16 Mot. at 10. It also fails for the same reasons that Plaintiffs' other breach of contract claims fails.
17 *See supra*, § I.

18 Plaintiffs try (unsuccessfully) to distinguish *Raisin Bargaining Ass'n v. Hartford Cas. Ins.*
19 *Co.*, No. 10-cv-0370, 2010 WL 3783871 (E.D. Cal. Sept. 27, 2010), but instead just end up
20 misinterpreting it. Defendants did not argue that the case establishes categorical "limits on oral
21 modifications." Opp. at 10. Rather, it shows that courts view with suspicion, and are willing to
22 dismiss, allegedly "separate" breach of oral contract claims based "within the framework of the
23 parties' written contract[.]" *Raisin Bargaining*, 2010 WL 3783871, at *4. Plaintiffs have pled
24 such an oral contract claim here—one that is based entirely within the framework of the parties'
25 written contract to secure the re-domestication of CIC, concerning the same subject matter and
26 work product, but somehow allegedly "separate." Such allegations beggar belief and should be
27 discarded.

28

7
REPLY ISO DEFENDANTS' MOTION TO DISMISS FAC
CASE NO. 4:21-CV-00023-JST

1    Plaintiffs argue that there is no condition precedent to payment under the purported oral
2 modification of the Consulting Agreement, *see* Opp. at 11, citing *Barroso v. Ocwen Loan
3 Servicing, LLC*: "The rule is that provisions of a contract will not be construed as conditions
4 precedent in the absence of language plainly requiring such construction." 208 Cal.App.4th 1001,
5 1010 (2012). But the Consulting Agreement plainly and unambiguously satisfies that rule. *See*
6 FAC, Ex. 1 (setting forth that Plaintiffs' potential compensation is a "success fee"). The
7 Consulting Agreement imposes a condition precedent through the use of an ordinary
8 performance-related descriptor for potential compensation: the contract does not discuss a
9 "salary" or a "payment," but rather a "success fee." Under the plain text of the Consulting
10 Agreement, there was no promise of compensation unless Plaintiffs successfully performed. And
11 as evidenced by the conservation of CIC, Plaintiffs failed to do so. Plaintiffs' allegations that the
12 parties formed an entirely separate oral contract without a condition precedent—divorced
13 completely from the conditions precedent in the Consulting Agreement—are nonsensical and
14 contradict the parties' writings, actions, and Plaintiffs' other allegations in the FAC as explained
15 *supra* in § I.

16    Finally, Plaintiffs argue that the FAC adequately pleads a separate oral contract with
17 Defendant Quasha. Opp. at 11. It does not. Plaintiffs' allegations regarding Quasha's statements
18 do not allege the formation of a new contract between Plaintiffs and Quasha, but rather an
19 exhortation to continue working on the parties' existing contract. *See* FAC ¶ 56 ("In October 2019
20 as a result of the above, Quasha orally and spontaneously stated to Mr. Areias and Mr. Nunez
21 during a teleconference that he would double the $1 million consulting fees *if they could continue
22 to work and intensify their efforts* so that AU would avoiding [sic] forfeiture of the $60 million.")
23 (emphasis added). Furthermore, as explained *supra*, § I(a), Quasha's email asking Plaintiffs to
24 send a "correct bill" is plainly not "evidence" of a promise to pay a $2 million "supplement" to
25 Plaintiffs. Opp. at 11. If anything, it is evidence that Quasha rejected such a supplement. *See* FAC
26 ¶ 59.

### III. Plaintiffs Do Not—and Cannot—Adequately Allege Promissory Fraud.

Plaintiffs argue that they can simply "aver scienter generally," citing *Hands on Video Relay Servs., Inc. v. Am. Sign Language Servs. Corp.,* No. 09-cv-0996-LKK, 2009 WL 8691614, at *1 (E.D. Cal. Aug. 12, 2009).[3] *Hands on Video* is not good law. As the Ninth Circuit has repeatedly made clear, including recently and since *Hands on Video*, "to properly plead fraud with particularity under Rule 9(b), 'a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, *and why it is false*.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)) (emphasis added); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (same). Thus, here, Plaintiffs must plead both "what is false or misleading" about Quasha's statement "and why it is false." Plaintiffs fail to do so for either component, and their claim must be dismissed.

Plaintiffs nonetheless argue that they sufficiently pled Defendant Quasha's alleged misrepresentation in an email he sent to Plaintiffs, which shows his intent to not perform and to commit fraud, citing FAC ¶ 33. *See* Opp. at 13. But ¶ 33 just quotes an email from Quasha rejecting Plaintiffs' $2 million invoice and asking for a correct invoice. Putting aside that fact that nowhere in the text of his email does Quasha expressly (or implicitly) ratify or accept liability for any invoice, ¶ 33 does not explain either "what is false or misleading" about any statements of Quasha's, or why such statements were false or misleading. Plaintiffs do not plead in the FAC (or explain in their opposition) why Quasha's email should stand for any proposition other than what it expressly says: that Quasha rejected a $2 million invoice from Plaintiffs. Nothing more and nothing less.

Plaintiffs compare their allegations to those in *Moncada v. West Coast Quartz Corporation,* 221 Cal.App.4th 768 (2013). *See* Opp. at 13-14 & 13 n.3. But unlike Plaintiffs here, in *Moncada*, the plaintiffs expressly pled *why* the defendants' alleged misrepresentations were

---

[3] Plaintiffs also cite *Beckwith v. Dahl*, 205 Cal.App.4th 1039, 1060 (2012) and 5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 725, p. 142. *See* Opp. at 13. Neither concerns *Federal* Rule 9(b).

false. *See id.* at 781 ("Defendants were aware that the promises and representations made to Plaintiffs were not accurate in light of information they had in hand at that time as alleged hereinabove. Defendants also undertook to conceal from Plaintiffs their lack of information and failure to make the promises and representations accurately"). Plaintiffs do not plead such facts here.

At best, Plaintiffs allege Quasha's purported promise to pay $2 million just turned out to be false, not that it was false when made. Such allegations are inadequate to state fraud. *See, e.g.*, *Muse Brands, LLC v. Gentil*, No. 15-cv-1744-JSC, 2015 WL 4572975, at *4–5 (N.D. Cal. July 29, 2015) ("All that is alleged in the FAC is that the statements turned out to be false. But courts have oft rejected the argument that a plaintiff can prove the requisite fraudulent intent by simply pointing to the defendant's subsequent failure to perform under the agreement.") (collecting cases). Plaintiffs' argument is, in essence, that "an alleged breach of contract can be used as evidence that [the defendant] never intended to honor the contract, thereby committing fraud." *Id.* (citing *Smith v. Allstate Ins. Co.*, 160 F.Supp.2d 1150, 1153–54 (S.D. Cal. 2001)). But as Judge Corley explained, such an argument "contradicts the heightened pleading requirements of Rule 9(b) and would allow every breach of contract to support a claim of fraud so long as the plaintiff adds to his complaint a general allegation that the defendant never intended to keep her promise." *Id*. In sum:

> Plaintiffs cannot turn their breach of oral contract claim into an action for fraud by alleging that [Defendants] never intended to honor the promises that served as the foundation for the agreement based on the mere fact of the eventual alleged breach. This is especially true where, as here, the fraud claim turns on statements of future intent rather than statements of fact.

*Id.* Thus, Plaintiffs' promissory fraud claim (Count IV) fails to satisfy Rule 9(b) and should be dismissed.

**IV.    Plaintiffs Do Not—and Cannot—Adequately Allege Unjust Enrichment.**

Plaintiffs argue that the FAC pleads a viable "unjust enrichment" claim "[t]o the extent the Consulting Agreement as it was originally written became void or ineffective," citing FAC ¶¶ 23-25, 84, 86. *See* Opp. at 15-16. But nothing in those paragraphs (or any other) alleges that the Consulting Agreement was rendered void or ineffective by any purported oral modifications or

10

agreements. To the contrary, the unjust enrichment claim reaffirms the Consulting Agreement. *See* FAC ¶83. Accordingly, Count VI fails and should be dismissed. *See, e.g., Dolce Int'l/San Jose, LLC v. City of San Jose, California*, No. 20-CV-03774-EJD, 2020 WL 5910066, at *3 (N.D. Cal. Oct. 6, 2020) (dismissing unjust enrichment claim where complaint alleged existence of valid contract).

The proper claim for "services rendered . . . [and] benefits received . . . beyond the scope of the Consulting Agreement and not governed by [it]," FAC ¶ 83, is *quantum meruit*. But that claim also fails as a matter of law due to Plaintiffs' allegations. Both "California courts and federal district courts sitting in diversity have determined that, even though a plaintiff can allege multiple theories of recovery, to pursue a *quantum meruit* claim, plaintiff may *not* plead the existence of an enforceable contract and maintain a quasi-contract claim at the same time, unless the plaintiff has pled facts suggesting that the contract may be unenforceable or invalid." *See, e.g.*, *Jacobs v. Sustainability Partners LLC,* No. 20-cv-1981-PJH, 2020 WL 5593200, at *16–17 (N.D. Cal. Sept. 18, 2020) (quotation marks omitted) (emphasis added). Such claims are inherently inconsistent, and Plaintiffs do not even argue, let alone plead facts suggesting, that the Consulting Agreement (or its written amendment) is unenforceable or invalid. Plaintiffs repeatedly confirm its validity, pleading only that it was modified orally. Thus, any *quantum meruit* claim would be baseless.

**V.     Plaintiffs Do Not—and Cannot—Adequately Allege a Claim For Reformation.**

In their motion (at 12-13), Defendants explain that "reformation of contract is not an independent cause of action, but rather a remedy for a contract obtained through fraud or mistake at the time of contracting." *Ritter v. JPMorgan Chase Bank, N.A.*, No. 17-cv-2919-JSW, 2017 WL 7243542, at *3 (N.D. Cal. Nov. 21, 2017) (applying California law); *Bhandari v. Capital One, N.A.*, No. 12-cv-4533-PSG, 2013 WL 1736789, at *9 (N.D. Cal. Apr. 22, 2013) (same). Plaintiffs fail to address this argument. *See* Opp. at 16-17. Accordingly, Count V should be dismissed. *See Henry v. Napa Valley Unified*, No. 16-cv-4021-MEJ, 2016 WL 7157670, at *4 (N.D. Cal. Dec. 8, 2016) ("Typically, failure to address in an opposition arguments raised in an opening motion, as Plaintiff did here, constitutes waiver or concession of the argument.") (citing

caselaw).

### VI. Plaintiffs Do Not—and Cannot—Adequately Allege a Claim for Common Count.

In their motion (at 15 & n.2), Defendants explain that Plaintiffs' "common count" claim cannot survive if Plaintiffs' underlying breach of contract claims fail. *See, e.g.*, *McAfee v. Francis*, No. 11-cv-00821-LHK, 2011 WL 3293759, at *2 (N.D. Cal. Aug. 1, 2011) ("'When a common count is used as an alternative way of seeking the same recovery demanded in a specific [claim], and is based on the same facts,' it does not survive if the underlying claim does not survive.'") (alteration in original). Plaintiffs fail to address this argument, *see* Opp. at 17, and thus concede it, *see Henry*, 2016 WL 7157670, at *4. Because Plaintiffs' contract claims fail, Count VII does too.

### VII. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court dismiss the FAC with prejudice.

Dated: March 2, 2021

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

*/s/ Maxwell V. Pritt*
Maxwell V. Pritt (SBN 253155)
mpritt@bsfllp.com
Antonio L. Ingram II (SBN 300528)
aingram@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6800
Fax: (415) 293-6899

John Goodwin (*Pro Hac Vice*)
jgoodwin@bsfllp.com
55 Hudson Yards
New York, NY 10001
Tel: (212) 754-4427
Fax: (571) 431-8178

*Attorneys for Defendants*,
APPLIED UNDERWRITERS, INC, STEVEN MENZIES, and ALAN QUASHA