**BOIES SCHILLER FLEXNER LLP**
Maxwell V. Pritt (SBN 253155)
mpritt@bsfllp.com
Reed D. Forbush
rforbush@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6800
Fax: (415) 293-6899

*Attorneys for Defendants*
APPLIED UNDERWRITERS, INC,
STEVEN MENZIES, and ALAN QUASHA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RUSTY AREIAS, an individual and MERCURY PUBLIC AFFAIRS, LLC, a Delaware corporation transacting business in California, assignees of California Strategies, LLC,<br><br>                Plaintiffs,<br><br>        vs.<br><br>APPLIED UNDERWRITERS, INC, a Nebraska corporation, STEVEN MENZIES, an individual, ALAN QUASHA, an individual, and DOES 1-20, inclusive,<br><br>                Defendants. | Case No. 3:21-CV-00023-JST<br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants Applied Underwriters, Inc., Steven Menzies, and Alan Quasha (collectively, "Defendants") hereby request that the Court take judicial notice, pursuant to Federal Rule of Evidence ("FRE") 201 and supporting caselaw, of CDI's[1] positions in:

- The CDI Objection Letter, attached as Exhibit A;
- The Ex Parte Application, attached as Exhibit B;
- The Conservation Order, attached as Exhibit C;
- CDI's Website Entry for CIC, attached as Exhibit D.

PLEASE ALSO TAKE NOTICE that Defendants hereby respectfully request that the Court incorporate by reference the July 10, 2019 Consulting Agreement Between Applied Underwriters, Inc. and California Strategies LLC (the "Consulting Agreement"), attached hereto as Exhibit E, and an October 3, 2019 Amendment to Contract (the "Extension), attached hereto as Exhibit F.

This Request is based on this Notice of Request, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file with the Court, and such oral and written evidence as may be presented on Defendants' concurrently-filed Motion for Judgment on the Pleadings.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   The Court Should Take Judicial Notice of Exhibits A-D.

FRE Rule 201(b)(2) authorizes the Court to take judicial notice of facts that are "not subject to reasonable dispute," *i.e.*, facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Facts drawn from publicly available official records of government agencies are judicially noticeable, *e.g.*, *Harris v. County*

---

[1] Unless indicated otherwise herein, the meanings of capitalized or abbreviated terms in this Request have the same meaning ascribed to them in Defendants' Motion for Judgment on the Pleadings.

*of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012), as are facts drawn from publicly available government letters, *e.g.*, *Smith v. Cty. of Santa Cruz*, 2014 WL 1118014, at *4 n. 2 (N.D. Cal. Mar. 19, 2014) (taking judicial notice of a letter from a county planning department to the plaintiff because it was "obviously [a] public record");  *see also, e.g.*, *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 851 n. 10 (9th Cir. 2016) (judicially noticing a letter from a school district because "courts routinely take judicial notice of letters published by the government . . . as well as records and reports of administrative bodies") (internal citations and quotation marks omitted); *Committee to Protect Our Agricultural Water v. Occidental Oil and Gas Corp.,* 235 F. Supp. 3d 1132, 1152-53 (E.D. Cal. 2017) (taking judicial notice of letters to and from government agencies as matters of public record).  The content of Exhibits A-D establish that "a specific document was filed, that a party took a certain position, that certain judicial findings, allegations, or admissions were made."  *In re Indian Palms Assocs., Ltd.,* 61 F.3d 197, 205 (3d Cir. 1995); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998); *see also In re Bestway Prods.,* 151 B.R. 530, 540–41 (Bankr. E.D. Cal. 1993).  Furthermore, courts also routinely take judicial notice of statements by government officials when the existence of those statements are not subject to reasonable dispute. *E.g.*, *DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 763 n.5 (9th Cir. 2018); *Sierra Club v. Trump*, 379 F. Supp. 3d 883, 891-92 n.2 (N.D. Cal. 2019), *aff'd*, 963 F.3d 874 (9th Cir. 2020).

### A.   Exhibit A – CDI Objection Letter: Letter sent from CDI attorney Laszlo Komjathy to CIC General Counsel Jeffrey Silver on October 9, 2019.

Exhibit A, the CDI Objection Letter, is a letter sent via email on October 9, 2019, from CDI attorney Laszlo Komjathy to CIC.  Defendants request that the Court take notice of CDI's position, as stated in the CDI Objection Letter, that "[i]f the merger by and between CIC and [CIC] II [a New Mexico corporation] is completed without obtaining the prior approval" of CDI, CIC "will be in violation of California law" and "will cease to exist," and CIC II will be "an unlicensed insurer" that is "precluded from transacting the business of insurance in California." Ex. A at 2.

Exhibit A is subject to judicial notice because it is a publicly available "official record" of a government agency.  Additionally, the fact that Komjathy sent the letter to CIC on October 9, 2019, is a "matter[] of public record . . . not reasonably subject to dispute."  *Harris*, 682 F.3d at 1132; *see also Los Angeles Unified Sch. Dist.*, 830 F.3d at 851 n. 10; *Cty. of Santa Cruz*, 2014 WL 1118014, at *4 n. 2.  Because the CDI Objection Letter warns CIC that completing its redomestication by merger to New Mexico would be a "violation of California law," and that the potential surviving entity, CIC II, would be "precluded from transacting" insurance in California, the CDI Objection Letter reflects CDI's *objection to*—meaning that CDI *did not approve of*—the redomestication of CIC to New Mexico.  *See In re Indian Palms Assocs., Ltd.*, 61 F.3d at 205; *Burbank-Glendale-Pasadena Airport Auth.*, 136 F.3d at 1364; *see also In re Bestway Prods.*, 151 B.R. at 540–41.  CDI's position in the CDI Objection Letter is relevant to determining whether CDI approved CIC's redomestication before November 1, 2019, a condition precedent to Applied's payment of the Success Fee under the Consulting Agreement.  *See* Argument §§ I.A, I.C, II.A, and III in Defendants' Memorandum in Support of Judgment on the Pleadings.  Further, Exhibit A was filed in *Applied Underwriters, Inc. v. Lara*, 2:20-cv-02096-WBS-AC (E.D. CA.), where it was judicially noticed at the request of California Insurance Commissioner Ricardo Lara, among others.  *Applied Underwriters, Inc. v. Lara*, 530 F. Supp. 3d at 924 (taking judicial notice of "Exhibit 12" to Defendants' RJN); Dkt. 36 at 256, *Applied Underwriters, Inc. v. Lara*, 2:20-cv-02096-WBS-AC (E.D. Cal.) (filing the CDI Objection Letter as Exhibit 12 to Defendants' RJN).

**B.      Exhibit B – *Ex Parte* Application: Ex Parte Application for an Order Appointing the California Insurance Commissioner as Conservator of CIC filed by CDI in the San Mateo Superior Court on November 4, 2019.**

Exhibit B is CDI's application for an Order Appointing the Insurance Commissioner as Conservator of CIC.  Defendants request that the Court take notice that on November 4, 2019, CDI filed the Ex Parte Application for an order from the San Mateo Superior Court "[e]njoining CIC, its officers, directors, agents and employees . . . from taking any actions or filing any document with any governmental entity . . . necessary to consummate the merger of CIC into and with CIC II," or "to otherwise transfer the domicile of CIC from California to New Mexico . . . ."  Ex. B at 8 (¶ 2).

The Ex Parte Application is a matter of public record, *see Harris*, 682 F.3d at 1132, and was judicially noticed by the court on that basis in *Applied Underwriters, Inc. v. Lara*, 530 F. Supp. 3d 914, 924 (E.D. Cal. 2021).  Because the Ex Parte Application seeks a court order to prevent CIC from completing redomestication by merger to New Mexico, the Ex Parte Application reflects CDI's *objection to*—meaning that CDI *did not approve of*—the redomestication of CIC.  *See In re Indian Palms Assocs., Ltd.*, 61 F.3d at 205; *Burbank-Glendale-Pasadena Airport Auth.*, 136 F.3d at 1364; *see also In re Bestway Prods.*, 151 B.R. at 540–41. CDI's position in the Ex Parte Application is relevant to determining whether CDI approved CIC's redomestication before November 1, 2019, as required under the Consulting Agreement. *See* Argument §§ I.A, I.C, II.A, and III in Defendants' Memorandum in Support of Judgment on the Pleadings.

**C.    Exhibit C – Conservation Order: Order Appointing Insurance Commissioner as Conservator and Restraining Order, issued by San Mateo Superior Court on November 4, 2019.**

Exhibit C is an Order Appointing the Insurance Commissioner as Conservator and Restraining Order, issued by the San Mateo Superior Court on November 4, 2019.  Defendants request that the Court take notice that on November 4, 2019, CDI obtained the Conservation Order, which:

1.  states that CIC "entered into a transaction the effect of which, if consummated, would merge CIC into and with CIC II, a New Mexico domiciled insurance company, without first obtaining the consent in writing of the California Insurance Commissioner in violation of California Insurance Code [s]ection 1215.2(a)"; and

2.  enjoined "CIC, its officers, directors, agents and employees and any person that acts or purports to act on its behalf of any of the foregoing . . . from taking any actions or filing any document with any governmental entity or any governmental subdivision necessary to consummate the merger of CIC into CIC II, [or] to otherwise transfer the domicile of CIC from California to New Mexico."

Ex. C at 2.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:21-CV-00023-JST

1        The Conservation Order is a matter of public record, *see Harris*, 682 F.3d at 1132, and

2  was judicially noticed by the court on that basis in *Applied Underwriters, Inc. v. Lara*, 530 F.

3  Supp. 3d 914, 924 (E.D. Cal. 2021).  Because the Conservation Order states that the "California

4  Insurance Commissioner" *did not consent* to CIC's redomestication, and enjoined CIC from

5  completing that redomestication, it reflects CDI's *objection to*—meaning that CDI *did not*

6  *approve of*—redomestication of CIC when CDI filed the Ex Parte Application and obtained the

7  Conservation Order.  *See In re Indian Palms Assocs., Ltd.*, 61 F.3d at 205; *Burbank-Glendale-*

8  *Pasadena Airport Auth.*, 136 F.3d at 1364; *see also In re Bestway Prods.*, 151 B.R. at 540–41.

9  CDI's position in the Conservation Order is relevant to determining whether CDI approved CIC's

10  redomestication before November 1, 2019, as required under the Consulting Agreement.  *See*

11  Argument §§ I.A, I.C, II.A, and III in Defendants' Memorandum in Support of Judgment on the

12  Pleadings.

13      **D.**     **Exhibit D – CDI Website Information for CIC.**[2]

14        The CDI's website entry for California Insurance Company, accessed through the CDI

15  website's business search function, states that California Insurance Company is currently

16  domiciled in California.  Defendants thus request the Court take judicial notice of CDI's position

17  that CIC has not redomesticated to New Mexico or any other state.  Information from public

18  government web sites is subject to judicial notice where "neither party disputes the authenticity of

19  the web sites or the accuracy of the information displayed therein."  *Daniels-Hall v. Nat'l Educ.*

20  *Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010); *see, e.g.*, *In re Amgen Inc. Sec. Litig.*, 544 F.Supp.2d

21  1009, 1023–24 (C.D.Cal.2008) (taking judicial notice of drug labels taken off the FDA's

22  website); *County of Santa Clara v. Astra USA, Inc.*, 401 F.Supp.2d 1022, 1024 (N.D. Cal.

23  2005) (taking judicial notice of information posted on a Department of Health and Human

24  Services website).  CDI's position on its website is relevant to determining whether CDI approved

25  CIC's redomestication before November 1, 2019, as required under the parties' contract.  *See*

26

27

28

---

[2] CDI's business search function has been "down for transition to [a] new bizfile Online system." The website states that the system will be back online by April 7, 2022.  *See* https://www.sos.ca.gov/business-programs/bizfile/system-outage-message.  Defendants will file an amended Request for Judicial Notice with Exhibit D once CDI's system comes back online.

Argument §§ I.A, I.C, II.A, and III in Defendants' Memorandum in Support of Judgment on the Pleadings.

**II.     Exhibits E and F Are Incorporated By Reference Into the SAC.**

A document is incorporated by reference into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Even if a plaintiff references only a short excerpt of the document, it is incorporated by reference if "the [plaintiff's] claim necessarily depended on [the document]." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Exhibit E is the July 10, 2019 Consulting Agreement between Defendant Applied Underwriters, Inc. and Plaintiffs' assignee California Strategies LLC.  Exhibit F is the October 3, 2019 Amendment to that contract.  Exhibits E and F "form[] the basis" of Plaintiffs' breach of contract claim in Count I of the Second Amended Complaint. *Ritchie*, 342 F.3d at 908; SAC at ¶¶ 36-48.  In fact, Plaintiffs intended to attach Exhibits E and F to the Second Amended Complaint, but failed to do so.  SAC at ¶ 31 (stating "[a] true and correct copy of th[e] extension is attached"); *id.* at ¶ 37 (stating the contract is "attached").  Indeed, Plaintiffs previously attached Exhibits E and F to both the original Complaint and the First Amended Complaint. *See* Dkt. 1-1 at Exs. 1 & 2, 17-1, and 17-2.  Accordingly, Exhibits E and F are incorporated by reference into the SAC.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:21-CV-00023-JST

Dated: April 4, 2022                    Respectfully submitted,


                                        */s/ Maxwell V. Pritt*
                                        **BOIES SCHILLER FLEXNER LLP**
                                        Maxwell V. Pritt (SBN 253155)
                                        mpritt@bsfllp.com
                                        Reed D. Forbush
                                        rforbush@bsfllp.com
                                        44 Montgomery Street, 41st Floor
                                        San Francisco, CA 94104
                                        Tel: (415) 293-6800
                                        Fax: (415) 293-6899

                                        *Attorneys for Defendants*,
                                        APPLIED UNDERWRITERS, INC,
                                        STEVEN MENZIES, and ALAN QUASHA

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:21-CV-00023-JST

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 4, 2022, I electronically filed Defendants' Request for Judicial Notice In Support Of Defendants' Motion for Judgment on the Pleadings with the Clerk of Court using the CM/ECF system, which sends an email notification to all participants in this case who are registered CM/ECF users.  I further caused the documents listed above to be served via email and FedEx on the following:


Dated: April 4, 2022                                       BOIES SCHILLER FLEXNER LLP

                                                           */s/ Lucas L. Bradley*
                                                           Lucas L. Bradley

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:21-CV-00023-JST